PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. LUCIANO CRUZ, Defendant and Appellant.

No. 2403. Argued April 24, 1925.—Decided April 28, 1925.

1. ASSAULT WITH INTENT TO COMMIT MURDER—APPEAL—ASSIGNMENT OF ERROR.
   —The Supreme Court will not consider a bare assignment of error made by the appellant without stating its grounds.

2. ID.—INDICTMENT—DISMISSAL OF PROSECUTION.—For the purpose of dismissing a prosecution under subdivision 1 of section 448 of the Code of Criminal Procedure the court can take into consideration as a basis therefor only the date of the arrest for the offense charged in the indictment and not the date on which the defendant was first arrested for another offense.

3. ID.—DRAWING OF GRAND JURY—SUMMONS TO DEFENDANT—SERVICE—EVIDENCE.
   —When a summons notifying the defendant to appear at the drawing of the grand jury appears in the record without a return showing that it had been served this fact may be shown by other evidence.

4. ID.—GRAND JURY—CHALLENGES.—The facts that three members of a grand jury were unfriendly to the defendant; that one of them was a brother-in-law of the manager of a sugar factory affected by a strike at the time mentioned in the indictment, and that they all had formed opinions adverse to the defendant, are not grounds for challenging them.

District Court of Humacao, Pablo Berga, J. Judgment of conviction of assault with intent to commit manslaughter. *Affirmed.*

*Arturo Aponte, Jr.,* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was indicted by a grand jury for the crime of assault with intent to commit murder and found guilty by a petty jury of the crime of assault with intent to commit manslaughter, whereupon he took the present appeal from the judgment and from an order refusing to grant a new trial.

[1] In this court he alleges that the trial court erred in refusing to grant him a new trial, but makes this bare

assignment of error without statement of grounds or argument, wherefore the assignment can not be considered.

The other assignments of error are (1) refusal of the court below to dismiss the prosecution when the indictment was not filed within sixty days after his arrest and (2) failure to dismiss the prosecution for the reason that the defendant was not summoned for the drawing of the grand jury.

[2] As far as the first assignment is concerned, it appears from the record that on March 4, 1923, the appellant was arrested and bailed on a charge of aggravated assault and battery with a barber's razor upon the person of José Ilarraza, and that when the facts were made known to the district attorney he submitted to the grand jury an indictment charging an assault with intent to commit murder, which was endorsed by the grand jury as a true bill and filed in court on May 16, 1923, no new warrant of arrest being issued against the accused.

On March 17, 1924, this court held in the case of *People v. Díaz,* 32 P.R.R. 816, in considering subdivision 1 of section 448 of the Code of Criminal Procedure, that although more than sixty days had elapsed between the time of the arrest of the accused and the filing of the indictment, this court could not take as a basis for dismissal the crime of aggravated assault and battery for which the defendant had been arrested, because the variation of the charge by the grand jury changed the situation of the defendant and its legal consequences; that the date of his arrest for the crime of mayhem, if it should appear to have been made, was what we must consider, and not that of the first arrest, and that the defendant had a right to insist that the previous prosecution for assault and battery should be dismissed, but had no right to insist on the quashing of the indictment for mayhem, for he was not arrested originally on that charge. The facts of the present case are similar

to those of the case cited; therefore, that rule is applicable and the appellant has not convinced us by his argument that it should be modified.

[3] With regard to the second ground of appeal, it appears from the record that the summons issued notifying the defendant to appear at the drawing of the grand jury to whom the charge against him was to be submitted bears no return of service, but an affidavit of the marshal of Fajardo, where the appellant resides, shows that more than five days prior to the drawing the said marshal went in person to the home of the defendant in order to make the service and, not finding the defendant at home, left with his wife a copy of the summons, and that on the same day he met the defendant in the street and told him that he had been summoned for the said drawing by a copy of the summons left with his wife at his home.

Although the summons issued and included in the record of the proceedings of the grand jury had no certificate of service, as required by section 409 of the Code of Criminal Procedure, we are of the opinion that the affidavit of the marshal of Fajardo is sufficient proof that the summons was served in time. In some civil cases we have held that although the return on a summons does not show that it was properly served, this fact may be shown by other evidence.

[4] Having arrived at the foregoing conclusion and the appellant not having been present at the drawing of the grand jury who indicted him, we might refrain from considering whether, as alleged in his motion for dismissal of the prosecution, the defendant had well founded challenges against three of the jurors; but we prefer to say that the grounds for challenge that three of the jurors were unfriendly to the defendant and one of them was the brother-in-law of the manager of the Fajardo Sugar Company, said to have been affected by the general strike in Fajardo at the

time mentioned in the indictment, and the allegation that all three of them had formed opinions adverse to the defendant were not sufficient, for the relationship which disqualifies a juror should be either with the person injured, the prosecuting witness or the defendant, and also because the fact that a person has formed an opinion of the matter does not disqualify him to act as juror, if his opinion is founded on public rumor, statements of the press or the notoriety of the case, provided that the court believes, after a statement made under oath or otherwise by the juror, that notwithstanding his formed opinion he is capable of acting with impartiality and fairness.

For the reasons stated the judgment and the order denying a new trial are affirmed.

Chief Justice Del Toro and Justice Hutchison dissented.